IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00034-GPG

GEORGE MOORE,

    Plaintiff,

v.

DENVER HEALTH DIRECTOR, CARMEN KASSETY,
RN ZIMMER, and
DENVER COUNTY JAIL DIRECTOR, ELIAS DIGGINS,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, George Moore, is an inmate currently incarcerated at the Denver County Jail. Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated. Plaintiff has been granted leave to proceed pursuant to 42 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

    Plaintiff asserts three claims regarding Defendants' alleged deliberate indifference to his medical needs. Plaintiff seeks money damages. Plaintiff fails to allege specific facts in support of the Eighth Amendment claims that demonstrate how each named Defendant personally participated in the asserted constitutional violation.

*See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). To establish personal participation, there must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, to the extent Defendant Kassety merely denied a grievance, that fact alone is not sufficient to demonstrate personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation"). And to the extent Plaintiff is naming supervisory officials as defendants, such as Defendants Kassety and Diggins, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Rather,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to

establish the alleged constitutional deprivation." *Id*. at 1199.

Therefore, Plaintiff will be ordered to file an amended complaint.  Plaintiff should name as Defendants only those persons he contends actually violated his federal constitutional rights.  Plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is

ORDERED that **within thirty days from the date of this Order**, Plaintiff shall file an Amended Complaint that complies with this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order within the time allowed, the Court will proceed to review the merits of the original Complaint and some of the claims and defendants may be dismissed without further notice.

DATED January 13, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge