IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00034-LTB

**GEORGE MOORE**,

    Plaintiff,

v.

**ELIAS DIGGINS**, Acting Sheriff of the Denver Sheriff Department;
**RN ZIMMER**, Intake RN;
**DR. CHRISTIAN STOB**; Denver Health Medical Center Doctor;
**CARMEN KASSETY;** Denver Health Medical Center Supervisor;
**DENVER HEALTH MEDICAL CENTER**; and the
**DENVER SHERIFF DEPARTMENT**,

    Defendants.

---

**ORDER DENYING NOTICE OF MOTION AND MOTION FOR RECONSIDERATION, MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR LEAVE TO PROCEED ON APPEAL WITHOUT PREPAYMENT OF COSTS OR FEES**

---

Plaintiff, George Moore, has filed *pro se* a Motion Requesting Appointment of Counsel (ECF No. 11), a Notice of Motion and Motion for Reconsideration (ECF No. 12) and a Motion for Leave to Proceed on Appeal without Prepayment of Costs or Fees (ECF No. 13).  The Court must construe these pleadings liberally because Mr. Moore is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, these pleadings will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motion for reconsideration as filed pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

Mr. Moore filed a civil rights action complaining that an intake nurse failed to give him a cane or walker, neither of which was available in the jail at the time Mr. Moore was arrested. The Court dismissed his claims in his Amended Complaint (ECF No. 7) because the actions complained of did not rise to the level of a constitutional violation under the Eighth Amendment.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Moore fails to demonstrate any reason why the Court should reconsider and vacate the order dismissing this action. In dismissing Plaintiff's action, this Court relied on Supreme Court precedent as it is required to do. In order to prevail on an Eighth Amendment claim, Plaintiff must show deliberate indifference. Mere negligence does not state a constitutional violation. The intake nurse's failure to immediately grant Mr. Moore's request for a cane or walker does not allege deliberate indifference. After

denying his request, she informed Mr. Moore to make his request upstairs after he was housed in his housing unit.  Mr. Moore ultimately was granted his request but the jail, at that time, did not have an available cane or walker.  Thus, Mr. Moore has not alleged deliberate indifference.  Accordingly, his motion for reconsideration will be denied.

In addition, pursuant to 28 U.S.C. § 1915(a)(3), the Court finds that an appeal from the Order of Dismissal would not be taken in good faith because Plaintiff has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.  Moreover, the Order of Dismissal does not preclude Plaintiff from filing an appeal.  He simply must either pay the filing fee or file a motion to proceed *in forma pauperis* in the Court of Appeals for the Tenth Circuit. Accordingly, it is

**ORDERED** that the Motion Requesting Appointment of Counsel (ECF No. 11) is **DENIED**.  It is

**FURTHER ORDERED** that the Notice of Motion and Motion for Reconsideration (ECF no. 12) is **DENIED**.  It is

**FURTHER ORDERED** that the Motion for Leave to Proceed on Appeal without Prepayment of Costs (ECF No. 13) is **DENIED**.

DATED at Denver, Colorado, this   5th   day of     May      , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court