**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

Civil Action No. 15-cv-00034-MSK-MEH

**GEORGE MOORE,**

 Plaintiff,

v.

**NANCEY ZIMMER,** in her official capacity as Denver Health Medical Center Intake RN of the Denver Sheriff Department, and in her individual capacity; AND
**DR. CHRISTIAN STOB,** in his individual capacity as Denver Health Medical Center Doctor of the Denver Sheriff Department, and in his official capacity,

 Defendants.

**ORDER GRANTING, IN PART, AND DENYING, IN PART,
MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion for Summary Judgment **(# 93)**, Sworn Affidavit and Declaration of Plaintiff George Moore **(# 101)**, Amended Sworn Affidavit and Declaration of Plaintiff George Moore **(# 102)**, Reply in Support of Motion for Summary Judgment by Defendants, Nancey Zimmer RN and Dr. Christian Stob **(#103)**, and Supplement Response to Sworn Affidavit and Declaration of George Moore **(# 108)**.

## JURISDICTION

The Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## FACTS

The Court has reviewed the submissions of the parties and finds the following facts to be undisputed, or where disputed construes the evidence most favorably to the non-movant, Mr. Moore.

1

On October 9, 2014, Mr. Moore was arrested and incarcerated in the Denver County Jail. As part of the intake process, the Defendant, Nurse Nancey Zimmer, screened Mr. Moore to determine his medical needs while in jail. Mr. Moore told her that he was disabled, had "stability issues," needed a cane or walker, and suffered "tremendous pain walking and getting up and down without a cane." She responded that she needed to screen forty other inmates and did not have time to address his concerns. She did not provide Mr. Moore with a cane or walker.

On October 10, 2014, Mr. Moore submitted a grievance to the jail. He complained about Nurse Zimmer's failure to provide him with a cane. He also said that he was suffering increased pain without a cane and asked that he be issued a cane immediately.

Mr. Moore was seen by the Defendant, Dr. Christian Stob, shortly after he submitted his grievance. Dr. Stob reviewed Mr. Moore's medical records that showed that Mr. Moore was diagnosed with posttraumatic left hip degenerative joint disease that caused him chronic pain. They also showed that Mr. Moore had been using a cane or walker to ambulate under the direction of his treating physician. Dr. Stob wrote an order directing that Mr. Moore be given a cane or a walker, but one was not provided to him that day.

On October 11, 2014, Mr. Moore got out of bed to go to the bathroom. While he was walking, his hip gave out, and he collapsed. Three hours after he fell, an intake nurse brought Mr. Moore a walker. His fall caused him to suffer injuries to his hip, groin, and lower back resulting in tremendous pain, the inability to sleep, difficulty eating, the inability to exercise, depression, and the embarrassment of having to have others, including inmates, help him put on his left sock and shoe.

Mr. Moore, acting *pro se*,[1] filed this lawsuit on January 6, 2015 and amended his complaint on February 11, 2015. In the Amended Complaint, Mr. Moore asserted claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act against Nurse Zimmer, Dr. Stob, and several other defendants. Judge Babcock dismissed the Amended Complaint on March 23, 2015. Mr. Moore appealed, and the Tenth Circuit Court of Appeals affirmed the dismissal of all claims other than Mr. Moore's individual claims against Nurse Zimmer and Dr. Stob brought under 42 U.S.C. § 1983. As to those claims, the Tenth Circuit reversed. *See Moore v. Diggins*, 633 Fed. Appx. 672 (10th Cir. 2015).

Nurse Zimmer and Dr. Stob now move for summary judgment (**# 93**) on the remaining claims. They argue that Mr. Moore cannot show that they acted with deliberate indifference to his medical needs. Mr. Moore argues that there is a genuine issue of material fact precluding summary judgment.

## ANALYSIS

**A. Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Thus, the primary question presented to the Court in considering a Motion for Summary Judgment or a Motion for Partial Summary Judgment is: is a trial required?

---

[1] In considering Mr. Moore's filings, the Court is mindful of his *pro se* status, and accordingly, reads his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Moore of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Moore according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

A trial is required if there are material factual disputes to resolve. As a result, entry of summary judgment is authorized only "when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016). A fact is material if, under the substantive law, it is an essential element of the claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the conflicting evidence would enable a rational factfinder to resolve the dispute for either party. *Becker v. Bateman*, 709 F.3d 1019, 1022 (10th Cir. 2013).

The consideration of a summary judgment motion requires the Court to focus on the asserted claims and defenses, their legal elements, and which party has the burden of proof. Substantive law specifies the elements that must be proven for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson*, 477 U.S. at 248; *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). As to the evidence offered during summary judgment, the Court views it the light most favorable to the non-moving party, thereby favoring the right to trial. *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

Motions for summary judgment generally arise in one of two contexts—when the movant has the burden of proof and when the non-movant has the burden of proof. Each context is handled differently. When the movant has the burden of proof, the movant must come forward with sufficient, competent evidence to establish each element of its claim or defense. *See* Fed. R. Civ. P. 56(c)(1)(A). Presumably, in the absence of contrary evidence, this showing would entitle the movant to judgment as a matter of law. However, if the responding party presents contrary evidence to establish a genuine dispute as to any material fact, a trial is required and the motion must be denied. *See Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015); *Schneider v. City of*

*Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013).

A different circumstance arises when the movant does not have the burden of proof. In this circumstance, the movant contends that the non-movant lacks sufficient evidence to establish a *prima facie* case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party must identify why the respondent cannot make a *prima facie* showing; that is, why the evidence in the record shows that the respondent cannot establish a particular element. *See Collins*, 809 F.3d at 1137. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, then a trial is required. Conversely, if the respondent's evidence is inadequate to establish a *prima facie* claim or defense, then no factual determination of that claim or defense is required and summary judgment may enter. *See Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

### B. Deliberate Indifference

The Due Process Clause and the Eighth Amendment protect pretrial detainees and convicted prisoners, respectively, from cruel and unusual punishment. *See Lopez v. LeMaster*, 172 F.3d 756, 759 n. 2 (10th Cir. 1999) (*citing Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)) (in determining whether an incarcerated individual's rights were violated, the analysis is identical whether under conducted under the Due Process Clause or Eighth Amendment). Deliberate indifference to a prisoner's serious medical needs is considered to be cruel and unusual in violation of the Eighth Amendment and Due Process Clause. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000). To establish that a prison official acted with deliberate indifference requires proof of both objective and subjective indifference. *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006); *Sealock*, 218 F.3d at 1209.

Objective indifference is demonstrated by showing that the inmate suffered from a serious

5

medical need. *Sealock*, 218 F.3d at 1209 (*citing Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the need for a doctor's attention. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). A delay in providing medical treatment may constitute objective indifference if the delay results in substantial harm. *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001). Substantial harm typically occurs when an inmate suffers a lifelong handicap, permanent loss, or considerable pain. *Mata*, 427 F.3d at 751.

In contrast, subjective indifference requires evidence that a defendant acted with a culpable state of mind; that is, knowing/conscious disregard of the medical need or with recklessness. *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006). An inmate may demonstrate a medical provider's culpable state of mind by presenting evidence that the provider knew of the inmate's serious medical condition (or such condition was obvious) but nevertheless delayed treatment, referral, or examination. *Id*.

1. **Objective indifference**

In its opinion reversing the dismissal of his 42 U.S.C. § 1983 claims against Nurse Zimmer and Dr. Stob, the Tenth Circuit essentially resolved the issue of whether Mr. Moore can make a *prima facie* showing of objective indifference. Although it addressed the sufficiency of Mr. Moore's allegations in the amended complaint, it outlined what facts, if true, would prove objective indifference in this case:

> When he requested a walker or cane, Mr. Moore complained of stability issues and "tremendous pain" to sit down, stand up, or walk around. Dr. Stob verified that Moore's treating physician had prescribed both a cane and walker. Further, the delay in treatment resulted in substantial harm: when Moore fell, he further injured his hip and complains again of "tremendous pain," difficulty sleeping, increased difficulty in caring for himself, and depression.

*Moore v. Diggins*, 633 Fed. Appx. 672, 676 (10th Cir. 2015) (*emphasis* in original).[2] Thus, if the evidence before the Court would be sufficient to prove these allegations, then it is sufficient to make a *prima facie* showing as to the objective indifference element of Mr. Moore's deliberate indifference claim.

The evidence before the Court, viewed most favorably to Mr. Moore, is sufficient to show objective indifference. When he was first incarcerated, Mr. Moore requested a walker or cane and complained of stability issues and tremendous pain. Mr. Moore's medical records showed his diagnosis and need for a cane or walker to ambulate. The failure to provide Mr. Moore with a cane or walker resulted in injuries to his hip, groin, and lower back, tremendous pain, the inability to sleep, difficulty eating, the inability to exercise, increased difficulty in caring for himself, and depression. Therefore, there is sufficient evidence for a *prima facie* showing as to the objective indifference element of his claims against Nurse Zimmer and Dr. Stob.

### 2. Subjective indifference

#### a. Nurse Zimmer

The Tenth Circuit's opinion also sets out facts which, if true, would be sufficient to make a *prima facie* showing that Nurse Zimmer acted with subjective indifference:

> Moore alleges that when he spoke with RN Zimmer, he complained about his tremendous pain, explained he had stability issues and was disabled under the ADA, and needed a cane or a walker. In response, she said she did not have time to deal with him and sent him away.

The evidence before the Court, taken most favorably to Mr. Moore, is sufficient in this regard as well. Mr. Moore told Nurse Zimmer that he had stability issues, was disabled, needed a

---

[2] Neither Mr. Moore nor counsel for the Defendants address the Tenth Circuit's opinion issued in this case. Given Mr. Moore's *pro se* status, his failure to do so is understandable. But the counsel for Defendants' failure to do so is not.

cane or a walker, and suffered from tremendous pain. In the face of such information, Nurse Zimmer failed to review his records or supply him with a cane or walker. Instead, she was deliberately indifferent to his needs, saying that she did not have time to address his concerns. Therefore, Mr. Moore has made a *prima facie* showing as to the subjective indifference element of his claim against Nurse Zimmer.

### b.  Dr. Stob

The Tenth Circuit's opinion also sets out facts which, if supported by the evidence, would be a sufficient *prima facie* showing of subjective indifference by Dr. Stob:

> As to Dr. Stob, he verified that Moore's treating physician prescribed a cane and walker yet did not obtain a cane or walker for Moore or call other medical departments to try to find one.

It is undisputed that Dr. Stob ordered that a cane or walker be provided to Mr. Moore, and that Mr. Moore had not received the cane or walker when he fell the day after the order was issued. In determining whether the evidence shows that Dr. Stob was subjectively indifferent, the Court focuses on whether he "**did not obtain** the cane or walker for Moore". Consistent with the standard in *Self v. Crum, supra,* this phraseology must mean that Dr. Stob not only recognized Mr. Moore's need, but in addition, he could/should have done something more than order that it be filled.

Dr. Stob's prescriptive order indicates his intent that Mr. Moore's needs be provided for, rather than an intent to disregard them. The record contains no evidence that would rebut that intent. For example, there is no evidence showing that Dr. Stob was able to fill or usually filled his own prescriptions, but chose not to in this circumstance. Similarly, there is no evidence that Dr. Stob knew there would be any delay in providing a cane or walker and that he could avoid such delay by taking further action. Finally, there is no evidence that Dr. Stob interfered with the

fulfillment of his order – that he told someone to delay in filling it or purposely/recklessly misrouted or delayed its fulfillment. In the absence of evidence showing purposeful or reckless inaction by Dr. Stob in fulfilling his order for a cane or walker, Mr. Moore has not made a *prima facie* showing as to the subjective indifference on his claim against Dr. Stob. Accordingly, on this claim, summary judgment shall be entered in favor of Dr. Stob.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment **(# 93)** is **GRANTED IN PART** and **DENIED IN PART.** Summary Judgment is entered in favor of Dr. Stob and against Mr. Moore. Mr. Moore's claim against Nurse Zimmer will proceed to trial. The caption in this matter will be reformed to delete all Defendants except Nurse Zimmer and reflect only the individual claim brought against her. The remaining parties shall jointly contact chambers within 14 days to schedule a Pretrial Conference on the claim proceeding to trial.

Dated this 22nd day of December, 2016

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge